**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**JUN 15 2017**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

Maryland Dodds , in her own behalf                                    PLAINTIFF
and in behalf of all others similarly situated;

v.                          No. *5:17-cv- 164-DPM*

Professional Transportation Inc. (PTI);                              DEFENDANTS
United Professional and Service Employees Union; and
United Professional and Service Employees Union Local 12222 (USPEU)

### COMPLAINT- CLASS ACTION

This case assigned to District Judge *Marshall*

I.              and to Magistrate Judge *Kearney*

#### JURISDICTION AND VENUE

This Court has federal question jurisdiction of this cause pursuant to 28 U.S.C. Sec. 1331; 42 U.S.C. Sec

1981; and 42 U.S.C. 2000(e), et seq.

#### CLASS ACTION ALLEGATIONS

II.

#### BASIS OF THE CLAIM-RULE 23 (b)(2) and RULE 23 (b)(3)

This action is brought pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

#### ACTS OF PTI

1. Defendant Professional Transportation Incorporated (PTI) discriminates against black employees due

to race in the pay of black van drivers as compared to the pay granted to white van drivers.

2. PTI discriminates against black individuals by paying a greater wage to white individuals who drive

vans who were hired simultaneously or subsequent to black van drivers.

1

3. On or about January 14, 2017 PTI terminated Dodds, who worked as a starter, after Dodds told a Southern Pacific Railroad official about the number of transport vans that PTI had at Pine Bluff that were operational and the number of vans that were non operational (out of service).

4. PTI terminated Dodds due to her race and contended that Dodds' termination was due to Dodds' disclosure about the number of vans that were operational and nonoperational at Pine Bluff, Arkansas.

5. Upon information and belief, a white employee, who worked as a starter, at PTI's North Little Rock Branch engaged in the same conduct described in paragraph three (3) and was not terminated.

6. All acts of race discrimination complained of herein are intentional; therefore, Plaintiff and the class are entitled to punitive damages.

IV.

### THE NUMBER AND DEFINITION OF THE PROPOSED CLASS

1. The class sought to be represented by plaintiff is approximately two hundred (250) black individuals who were or are residents of the state of Arkansas who drove vans for PTI during the period from the filing of this complaint to four (4) years prior to the filing of this complaint.

2. (1) The class is so numerous that joinder of all members of the class of hourly paid black van drivers for PTI during the past four (4) years is impractical; (2) There are questions of laws and fact common to the class; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) Plaintiff Maryland Dodds will fairly and adequately protect the interests of the class of black hourly waged van drivers who work or have worked for PTI in the state of Arkansas during the relevant period; four (4) years prior to filing this action.

V.

<u>BASIS UPON WHICH PLAINTIFF CLAIM TO BE AN ADEQUATE REPRESENTATIVE OF THE CLASS</u>

1. Maryland Dodds (Dodds) is a black individual who was hired by PTI as a van driver on April 15, 2014.

2. Dodds was continuously employed by PTI at Pine Bluff, Arkansas at branch 0225 as a van driver since her initial date of employment until January 2017.

3. Dodds has driven vans on shuttle routes; in the railroad yard; and over the road.

4. Dodds has suffered the same kind of injury based upon race as the members of the class.

5. The facts that govern the class members are the same facts that govern Dodds' employment with PTI.

6. The facts that govern the class members are the same facts that govern Dodds' employment with PTI.

VI

<u>SPECIFIC QUESTIONS OF LAW AND FACT COMMON TO THE CLASS</u>

1. The questions of law and fact common to the class include:

(1) Whether PTI pays a higher wage to white individuals than it pays black individuals who drive a van due to their race.

(2) Whether PTI pays white van drivers more than it pays black van drivers for performing the same work based upon race;

(3) Whether PTI engages in disparate treatment of black individuals based upon race.

(4) Whether the treatment of black individuals in the manner alleged is contrary to law.

VII

<u>ALLEGATIONS THAT SUPPORT FRCP 23(b) (3)</u>

1. This action is brought for the recovery of back pay, compensatory and punitive damages.

2. PTI pays a higher hourly wages to white van drivers as compared to the hourly wages paid to black van drivers due to race;

3. PTI pays a higher hourly wages to white van drivers than the hourly wages paid to black van drivers for performing the same work based upon race.

VIII

RELIEF REQUESTED

Maryland Dodds and the class she represent, request relief in the form of: declaratory judgment; injunctive relief; wage loss; compensatory damages;  punitive damages; costs;  counsel fees; and for all other appropriate relief.

IX

PROFESSIONAL TRANSPORTATION INCORPORATED

1. Professional Transportation Incorporated (PTI) is headquartered in Evansville, Indiana. PTI is one of a group of companies known collectively as United Companies. PTI was founded in 1980 and began operations, serving as a crew transportation service for railroads in the Midwest.

2. PTI has approximately 6000 employees involved in the transportation of railroad crews nationwide.

3. Crew transportation is the process of driving railroad crews from point to point referred to as shuttle service and over road services.

4. PTI does business in at least forty states: Alabama, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, New Jersey, New York, North Carolina, Nevada, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri Montana, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, Washington D.C., West Virginia, Wisconsin and Wyoming.

5. PTI crew transportation involves the transportation of railroad crews from point to point referred to as shuttle service and over the road services.

4

X.

### UNITED PROFESSIONAL SERVICE EMPLOYEES UNION

1. United Professional Service Employees Union (UPSEU) and United Professional Service Employees Union International local 12222 (UPSEU) represent all van drivers who elect to be represented by the union.

2. Dodds was a member of UPSEU Local 12222 during her employment with PTI.

3. The Unions are joined as necessary parties pursuant to Rule 19, FRCP.

4. The Unions are necessary parties as the Court cannot accord complete relief among plaintiffs, the class and PTI.

5. The Unions will be called upon regarding the interpretation and the application of the Bargaining Agreement between Dodds  and the class members.

XI.

### PLAINTIFF MARYLAND DODDS .

1. Maryland Dodds (Dodds) is a resident of Jefferson County, Arkansas.

2. Dodds is a black female citizen of the United States of America.

3. Dodds was hired by PTI on or about April 15, 2014.

4. Dodds, b/f, has worked as a  van drivers for PTI and has driven a van as a MPV operator; shuttle driver ; dedicated yard van driver; and as a starter.

5. Dodds was paid $7.25/hr as the starting rate of pay to drive a van.

6. Dodds was paid $7.25/hr as a shuttle driver April 15, 2014 and was later assigned as a MPV operator moving train crewmen over the road from point to point; afterwards a DYV operator moving crewmen within the railroad yard of the Union Pacific Railroad.

7. Dodds continued to drive a van for PTI from about April 15, 2014 until on about July 2, 2015.

5

8. It is Dodds's belief that PTI hired several white individuals to drive a van as MPV operator; shuttle van operator; and DYV operator and paid such white van drivers a greater hourly wage solely due to the white individuals' race.

9. Dodds was a member of UPSEU during her employment with PTI.

10. On or about July 7, 2015, PTI hired Dodds as a starter whose primary duty was to call van drivers to take van work assignments to transport train crews as MPV; shuttle; or DYV operator.

11. It is Dodds' belief that PTI paid white individuals greater hourly wages than the hourly wages paid to black individuals solely due to race.

12. White individual employee I.D. NO. 64742 hired as a van driver May 4, 2012, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

13. White individual employee I.D. NO. 0216 hired as a van driver June 14, 2012, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

14. White individual employee I.D. NO. 0212 hired as a van driver June 4, 2012, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

15. White individual employee I.D. NO. 0001 hired as a van driver January 7, 2013, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

16. White individual employee I.D. NO. 0028 hired as a van driver March 20, 2014, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

17.  White individual employee I.D. NO. 0030 hired as a van driver July 3, 2013, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

18. White individual employee I.D. NO. 0148 hired as a van driver April 10, 2014, was paid a greater wage than Dodds, (hired April 15, 2014) due to race.

19. Dodds was a shuttle van driver for PTI from April 15, 2014 until July 2015, where she worked about 36 hours per week.

20. Dodds was assigned to drive a van as shuttle van driver upon initially being hired by PTI.

21. Dodds later drove a van in the railroad yard of Union Pacific and was referred to as a DYV van driver.

22. Dodds also drove a van from Pine Bluff, Arkansas to Longview, Texas as an MPV van driver for at least six (6) months and worked about 36 hours per week.

23. Maryland Dodds is familiar with terms and conditions under which black van drivers work at PTI.

24. Dodds worked as a starter placed her in a position to understand the PTI van operations.

25. As a starter Dodds initiated van trips at the Union Pacific Railroad yard at Pine Bluff from July 2015 to January 2017.

26. As a starter, Dodds called van drivers to transport train crews from point to point.

27. Van drivers did not receive written evaluations of their job performances from Dodds' date of hire until her termination.

28. The Branch manager at branch number 0224 has said at drivers' meetings that van drivers should not discuss their pay with fellow van drivers.

29. Dodds was a dues paying member of the Union during her employment with PTI.

## EXAUSTION OF ADMINISTRATIVE REMEDIES

1. Dodds filed a charge of race discrimination with the EEOC on March 10, 2017 in connection with her compensation.

2. Notice of Rights to Sue was issued on March 15, 2017. Ex. A

3. Suit is being timely filed.

WHEREFORE, Plaintiff Maryland Dodds and the class she represent pray for the following relief:

a. back pay;

b. compensatory damages;

c. punitive damages;

7

d. injunctive and declaratory relief;

e. costs; and

f. counsel fees and for all other relief to which plaintiffs and the class may be entitled.

RESPECTFULLY SUBMITTED,

Maryland Dodds, Plaintiff

Maryland Dodds
1505 S. Larch St
Pine Bluff, AR 71603
870-540-9215

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Maryland Dodds**<br>**1505 Larch St**<br>**Pine Bluff, AR 71603** | From: **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |

|   | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2017-00794** | **Matilda S. Louvring,**<br>**Investigator** | **(501) 324-5535** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*William A. Cash, Jr. /M*                    MAR 1 5 2017

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**                    *(Date Mailed)*

cc:   **Steven Greulich**
**Senior Director of Human Resources**
**PROFESSIONAL TRANSPORTATION INC.**
**3700 Morgan Avenue**
**Evansville, IN 47715**

Ex. A